**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Diego Armando Cisneros-Colindres,<br>Petitioner,<br>v.<br>Eric Rokosky, et al.,<br>Respondents. | No. CV-26-05855-PHX-SPL<br><br>**ORDER** |

Petitioner, through counsel, filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Pursuant to General Order 26-09, the Court directed Respondents to show cause why the Petition should not be granted. (Doc. 3.) In their Response, Respondents state: "Respondents do not oppose the habeas petition or the request for a bond hearing pursuant to 8 U.S.C. § 1226(a)." (Doc. 6.) In his Reply, Petitioner states that Respondents have not contested any of his constitutional claims and thus have conceded that his detention is unlawful.[1] (Doc. 7.)

The Court finds that Petitioner is not "seeking admission" such that he is subject to detention under § 1225(b)(2)(A). *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*,

[1] In the Petition, Petitioner alleges he entered the United States in 2013, and after three months in immigration detention, was released on a $7000 bond. Petitioner lived openly and continuously in the United States for nine years. Although he was convicted on two different occasions for driving under the influence, immigration authorities did not seek detention at any point between 2013 and 2026. In 2022, an Immigration Judge terminated Petitioner's removal proceedings and Petitioner resided in the United States without any release conditions. According to Petitioner, he was detained by immigration authorities on August 6, 2026, without any change in circumstances, explanation, or any opportunity to contest his detention. (Doc. 1.)

175 F.4th 1258, (11th Cir. 2026); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, (7th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, (2d Cir. 2026); *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). Further, because Respondents do not address the issue of whether Petitioner was re-detained without any individualized assessment, showing of changed circumstances, or due process, the Court finds the argument waived. *See N-E-M-B v. Wamsley*, CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"); *cf. Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment.").

The Court will therefore grant the Petition and order Petitioner's immediate release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

(2) Respondents must **immediately release** Petitioner from custody under the same conditions that existed before his detention.

(3) Respondents must provide a notice of compliance within **two days** of Petitioner's release.

///

///

///

(4) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 31st day of August, 2026.

Honorable Steven P. Logan
United States District Judge